BETTY RAMSEY, Respondent-Appellant, v. JOHN R. RAMSEY, Appellant-Respondent.— Judgment unanimously modified in accordance with the Memorandum and as modified affirmed, with costs to plaintiff. Memorandum: In this separation action the granting of the decree to the plaintiff wife on the ground of cruel and inhuman treatment turned upon the resolution by the trial court of a question of fact and should not be disturbed. Similarly, the support provision for the wife and children is justified from the evidence of the financial condition of the defendant husband. However, the allowance to plaintiff's attorneys of a total fee of $200 for all of their services, including the complete trial, is inadequate. The judgment should be modified so as to increase the allowance to plaintiff's attorneys from $200 to $500, making the total fee for services the sum of $600. (Appeal and cross appeal from judgment of Oswego Trial Term in a separation action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

ARCHIE CRAIG, Respondent, v. CLIFTON SPRINGS COUNTRY CLUB, INC., Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion granted. Memorandum: CPLR 507 mandates that the venue of an action in which the judgment demanded would affect the title to real property shall be in the county in which any part of the realty is situated. The complaint herein, among other relief, sought a decree directing defendant to execute and deliver to plaintiff a mortgage upon realty situated in Ontario County. The venue of the action was placed in Monroe County and defendant following appropriate demand moved for change to Ontario County. The motion should have been granted. The line of demarcation in applying the statutory provision and its predecessors is whether the action "involves" title to real property or "affects" title to realty (cf. *Grace* v. *Deepdale, Inc.*, 3 A D 2d 397, 398). It is only as to the latter class of actions that the statute extends. If plaintiff succeeds and a decree is made directing execution of a mortgage on the realty it is clear that the title thereto would be "affected". Trial in the county of the realty is favored "In the interest of orderly procedure and for the sake of facility and certainty in title records." (*Reichenbach* v. *Corn Exch. Bank Trust Co.*, 249 App. Div. 539, 541; see, generally, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 507.01–507.03.) (Appeal from order of Ontario Special Term denying motion for change of venue.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.