■ MORRELL & COMPANY THE WINE EMPORIUM, LTD., Appellant, v RICHALAN REALTY CORP., Respondent. — Order, Supreme Court, New York County (Wallach, J.), entered December 28, 1982, denying Morrell's motion to remove and consolidate, reversed, on the law and in the exercise of discretion, and motion granted, with costs. Morrell & Company rented certain premises from Richalan Realty Corp. under a 10-year lease that expired on October 31, 1982. Article 45.2 of the lease provides as follows: *"Article 45.2 Right to First Refusal.* Should Landlord at any time after the first six years of the term hereof obtain a bonafide offer for the sale of the demised premises, such offer will be communicated to the Tenant by certified mail, who for thirty (30) days after such mailing shall have the right to purchase the demised premises on the same terms and conditions contained in the contract of sale accompanying said offer." Morrell commenced this action for declaratory judgment and related relief in the Supreme Court on March 19, 1982. Essentially, Morrell alleged that Richalan had received two bona fide offers to purchase the demised premises but that it had not communicated those offers to Morrell. Under article 45.2 of the lease, Morrell sought, *inter alia,* specific performance

of its "right to first refusal". In short, Morrell maintained that it was contractually entitled to purchase the building. Richalan commenced a summary holdover proceeding against Morrell in the Civil Court on November 26, 1982. Morrell then brought the instant motion to remove and consolidate the holdover proceeding (CPLR 602, subd [b]). Special Term denied that motion. The declaratory judgment action and the holdover proceeding contain common questions of law and fact (CPLR 602, subd [a]). In particular, it is necessary to determine whether Morrell is entitled to purchase the building under article 45.2 of the lease. If it is found that Morrell is entitled to purchase the building, then Richalan's holdover proceeding will become academic. Richalan's contention that the purchase offers were not bona fide raises factual and legal issues that are not normally resolved upon a motion to remove and consolidate. Moreover, Richalan has not shown that those issues should be clearly resolved in its favor. If so advised, Richalan may seek to resolve those issues in its favor upon a subsequent motion for summary judgment in the consolidated action. In addition, it should be stressed that specific performance is only available in the Supreme Court. Therefore, removal and consolidation will permit the resolution of all issues in one forum. (*Barak v 28 E. 6262 Realty Corp.*, 70 AD2d 543.) Concur — Murphy, P. J. Sullivan, Silverman, Lynch and Milonas, JJ.