■ GRAND WHITE REALTY CORP., Appellant, v KENNETH Z. BERMAN, Respondent, et al., Defendant.

Plaintiff brought this action against defendants Berman and Warren to recover excess fees and for an accounting. Berman, an attorney, moved to dismiss the complaint on the ground that service had not properly been effected upon him. Special Term granted the motion to the extent of ordering a hearing and referring the hearing to a Special Referee. After hearing, the Special Referee concluded that service had not been effected as required by law and recommended that the motion to dismiss be granted. On motion, Special Term confirmed the report and directed that an order to that effect be entered. None was.

Thereafter plaintiff served an "amended summons and complaint" on Berman. He moved to dismiss upon the grounds that under CPLR 3025, service of an amended complaint requires permission of the court, except in specified instances, and, in any event, there is another action pending between the same parties for the same cause.

We think that Special Term, in striking the complaint, exalted form over substance. The reference to the second complaint as an amended complaint was plainly a misnomer. The so-called amended complaint was a mirror image of the initial complaint as against defendant Berman. By the time of its service, the separate causes as against defendant Warren had been discontinued with prejudice. Thus, as to Berman the "amended" complaint did not supersede the initial complaint. That had been dismissed as against Berman because service had been defective. As a result, it was as if no service had been made. Indeed, Special Term so held.

As to the contention that there is another action pending between the same parties for the same cause, again Special

Term exalted form over substance. For all practical purposes, the initial complaint had been dismissed even though no order to that effect had been entered. Hence, as against defendant Berman, that action was no longer pending. Concur — Ross, J. P., Carro, Asch and Bloom, JJ.