■ ANN B. LEVINE, Respondent, v JANE GURNEY et al.,
Appellants.—In an action to recover damages for malicious
prosecution and intentional infliction of emotional distress,
the defendants appeal from so much of an order and judgment
(one paper) of the Supreme Court, Westchester County (Coppola, J.), dated May 21, 1987, as denied their motion for
summary judgment.

Ordered that the order and judgment is modified, on the
law, by deleting so much of the third decretal paragraph
thereof as denied that branch of the motion which was for
summary judgment dismissing the complaint insofar as it is
asserted against Leslie I. Levine and substituting therefor a
provision granting that branch of the motion, dismissing the
complaint insofar as it is asserted against him, and severing
the action insofar as it is asserted against the defendant
Gurney; as so modified, the order and judgment is affirmed
insofar as appealed from, with costs to the appellants.

The defendant Jane Gurney filed a police report charging
the plaintiff with leaving the scene of the accident. While
filing the complaint, the plaintiff's husband, the defendant
Levine, was present. The plaintiff maintains that she was
never involved in a motor vehicle accident with Gurney. At
the time of the alleged accident, the plaintiff and the defendant Levine were in the midst of a matrimonial action in
which Gurney was named. The judicial proceeding against the
plaintiff was dismissed since there was no admissible evidence
against her and the prosecuting authority failed to subpoena
Gurney to testify. The plaintiff instituted the instant case
seeking damages against the defendants for malicious prosecution and intentional infliction of emotional distress.

Despite the defendants' contention to the contrary, the
plaintiff is not barred from seeking damages for malicious
prosecution because the underlying judicial proceeding was
dismissed without a trial *(see, Loeb v Teitelbaum,* 77 AD2d 92).
Additionally, given the possible threat of imprisonment as a
result of the charges filed by the defendant Gurney, Gurney's
conduct may rise to the level of outrageous conduct if she
were guilty of falsely accusing the plaintiff. Therefore, the
cause of action against Gurney to recover damages for intentional infliction of emotional distress is sufficient to withstand
a motion for summary judgment *(see, Freihofer v Hearst Corp.,*
65 NY2d 135; *Fischer v Maloney,* 43 NY2d 553).

The plaintiff failed to proffer any admissible evidence regarding the defendant Leslie I. Levine's involvement with the filing of an alleged false accident report against the plaintiff. Since the plaintiff was unable to present a triable issue of fact concerning Mr. Levine's efforts in accusing the plaintiff of leaving the scene of an accident, summary judgment was warranted in his favor *(see, Silver v Brodsky,* 112 AD2d 213). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.