■ KEVIN FLAHERTY, Appellant, v RCP ASSOCIATES et al., Respondents. (And a Third-Party Action.) [616 NYS2d 801] —In two actions to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated April 3, 1992, as, upon a motion by the defendant Rockefeller Group, Inc., in which the defendant Rockefeller Center, Inc.,

joined, to dismiss a complaint dated December 27, 1991 (Action No. 2), dismissed that complaint in its entirety, and denied, as moot, the plaintiff's cross motion, *inter alia,* (1) to consolidate Action No. 2 with a prior action commenced on or about July 7, 1989 (Action No. 1), (2) to discontinue without prejudice as against the defendant Rockefeller Group, Inc. in Action No. 2, (3) "for an order noting the default of [the] defendant RCP Associates (Action No. 1) and [the] defendants Rockefeller Center Inc. and Rockefeller Management Group, Inc. (Action No. 2)", and (4) setting the matter down for an inquest as against those defendants.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is denied, the complaint dated December 27, 1991, is reinstated, the cross motion is granted to the extent that the actions commenced by the service of a summons and complaint dated July 7, 1989, and bearing Kings County Index No. 5690/90, is consolidated with the action commenced by the service of a summons and complaint dated December 27, 1991 and bearing Kings County Index No. 5372/92, and the action bearing Index No. 5372/92 is discontinued as against the defendant Rockefeller Group, Inc., and the consolidated matter is remitted to the Supreme Court, Kings County for a determination of those branches of the cross motion "for an order noting the default of [the] defendant RCP Associates (Action No. 1) and [the] defendants Rockefeller Center Inc. and Rockefeller Management Group, Inc. (Action No. 2)," and setting the matter down for an inquest as against those defendants.

The plaintiff, Kevin Flaherty, commenced an action against the defendants Rockefeller Group, Inc., and RCP Associates on February 1, 1990. He subsequently commenced an additional action on December 27, 1991, naming Rockefeller Group, Inc. as a defendant as well as naming additional defendants. On January 24, 1992, Rockefeller Group, Inc. moved to dismiss the second action, on the ground that the plaintiff improperly amended his original complaint without permission of the court as required by CPLR 3025 and 1003. On February 28, 1992, the plaintiff moved, *inter alia,* pursuant to CPLR 3217 (b) to discontinue, without prejudice, against the defendant Rockefeller Group, Inc., in Action No. 2 and to consolidate both actions pursuant to CPLR 602.

By decision and order dated April 3, 1992, the Supreme Court granted Rockefeller Group, Inc.'s motion to dismiss the second action and denied the plaintiff's cross motion as moot.

Although a motion pursuant to CPLR 602 (a) to consolidate two pending actions is addressed to the sound discretion of the trial court, consolidation is favored by the courts in serving the interests of justice and judicial economy *(see, Zupich v Flushing Hosp. & Med. Ctr.,* 156 AD2d 677). As both actions clearly involve similar issues of fact and law, it was an improvident exercise of discretion to deny consolidation, notwithstanding the plaintiff's failure to strictly adhere to CPLR 3025 *(see, e.g., Grand White Realty Corp. v Berman,* 110 AD2d 582).

In light of our determination, the matter is remitted to the Supreme Court for a determination of those branches of the plaintiff's cross motion "for an order noting the default of [the] defendant RCP Associates (Action No. 1) and [the] defendants Rockefeller Center Inc. and Rockefeller Management Group, Inc. (Action No. 2)," and setting the matter down for an inquest as against those defendants. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.