■ RHONDA CUNHA, Respondent, v DOUGLAS DINIZIO et al., Appellants, et al., Defendant. [697 NYS2d 308] —In an action, *inter alia*, for an accounting of the rental income received from a marina boat slip, the defendants Douglas Dinizio, Walter Cook, and Dinizio and Cook, Inc., appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), entered August 25, 1998, which, *inter alia*, granted the plaintiff's motion for partial summary judgment on the issue of liability and denied their cross motion to consolidate this action with another action pending in Suffolk County.

Ordered that the order is affirmed, with costs.

The plaintiff commenced an action for an accounting and to recover funds to which she claimed to be entitled in connection with the rental of her boat slip in the marina operated by the defendants. The plaintiff alleges that she purchased shares in the defendant Maidstone Harbor Marina, Inc., a cooperative corporation, and she had a proprietary lease for the subject boat slip. According to the plaintiff, the appellants had agreed to rent the boat slip to third parties on her behalf, maintain the slip, and pay her the profits.

Contrary to the appellants' contention, their unsubstantiated affidavits offered in opposition to the plaintiff's prima facie showing that she purchased the boat slip with her own funds and was the sole owner of the subject stock shares were insufficient to defeat the motion for summary judgment (*see,* CPLR

3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Furthermore, the Supreme Court did not improvidently exercise its discretion by denying the cross motion to consolidate this action with an action entitled *Dinizio & Cook v Duck Creek Marina,* pending in the Supreme Court, Suffolk County, under Index Number 94-25436, since the appellants failed to show that both actions involved similar issues of fact and law (*see, Flaherty v RCP Assocs.,* 208 AD2d 496; *see also, Zupich v Flushing Hosp. & Med. Ctr.,* 156 AD2d 677).

The appellants' remaining contentions are without merit. O'Brien, J. P., Sullivan, Altman and Krausman, JJ., concur.