■ August M. Nigro et al., Appellants, v Sophie Pickett, Respondent. [833 NYS2d 655]—

In an action to recover damages for attempted extortion, attempted duress, and intentional infliction of emotional distress, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 21, 2006, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, and denied, as academic, the plaintiffs' motion to consolidate this action with an action entitled *Pickett v Nigro & Columbus Constr. Corp.*, pending in the Supreme Court, New York County, under index No. 05-116511.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the second cause of action and substituting therefor a provision denying that branch of the cross motion,

and (2) by deleting the provision thereof denying the plaintiffs' motion to consolidate this action with an action entitled *Pickett v Nigro & Columbus Constr. Corp.*, pending in the Supreme Court, New York County, under index No. 05-116511, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants, and the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in the action entitled *Pickett v Nigro & Columbus Constr. Corp.*, under index No. 05-116511, and certified copies of all minutes and entries.

A pleading attacked for insufficiency must be accorded a liberal construction, and "if it states, in some recognizable form, any cause of action known to our law," it cannot be dismissed (*Clevenger v Baker Voorhis & Co.*, 8 NY2d 187, 188 [1960]). The facts stated in the complaint must be taken as true (*see Gingold v Beekman*, 183 AD2d 870 [1992]), and the plaintiff must be accorded "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Applying these principles, the Supreme Court correctly dismissed the first cause of action seeking to recover damages for attempted extortion and attempted duress, since there is no private right of action for either of the attempted crimes of extortion or duress (*see Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910, 911 [2000]; *see also Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634 [1989]). The Supreme Court erred, however, in dismissing the second cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

To state a claim for the intentional infliction of emotional distress, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983] [internal quotation marks omitted]; *see Howell v New York Post Co.*, 81 NY2d 115 [1993]). The plaintiffs allege that the defendant threatened to make public the allegedly false allegation that the plaintiffs subjected her to sexual harassment and sexual assault, that this threat was timed to coincide with litigation between the plaintiffs and a third party in which the defendant was to testify on the plaintiffs' behalf and, lastly, that the defendant, with the intention of pressuring the plaintiffs to settle with her, filed a false complaint with the New York City Police Department. Ac-

cepting these allegations as true, as we must at this stage in the litigation (*see Leon v Martinez, supra* at 87-88), the plaintiffs set forth a claim for intentional infliction of emotional distress on behalf of the individual plaintiff (*see Vasarhelyi v New School for Social Research*, 230 AD2d 658, 661 [1996]; *Levine v Gurney*, 149 AD2d 473 [1989]). Therefore, the Supreme Court erred in dismissing the second cause of action.

Where common questions of law or fact exist, a motion to consolidate pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Flaherty v RCP Assoc.*, 208 AD2d 496, 498 [1994]; *Stephens v Allstate Ins. Co.*, 185 AD2d 338 [1992]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]). A review of the record indicates that the interests of justice and judicial economy would be served by consolidation of this action with an action entitled *Pickett v Nigro & Columbus Constr. Corp.*, pending in the Supreme Court, New York County, under index No. 05-116511, since both actions concern the same parties, the claims arise out of the same circumstances, and the proof with respect to each action will overlap and turn on credibility determinations of the nature of the relationship of the parties. Therefore, the Supreme Court should have granted the plaintiffs' motion to consolidate the two actions since both actions involve common questions of law and fact, and the defendant failed to demonstrate that prejudice to a substantial right would result from consolidation (*see* CPLR 602 [a]; *Stein v Yonkers Contr.*, 244 AD2d 478 [1997]; *Zupich v Flushing Hosp. & Med. Ctr., supra*; *Mel-Stu Constr. Corp. v Melwood Constr. Corp.*, 101 AD2d 809 [1984]).

Finally, venue should be placed in Westchester County because the first action was commenced by the plaintiffs in that county and there are no special circumstances which would warrant placement of venue elsewhere (*see Perini Corp. v WDF, Inc.*, 33 AD3d 605 [2006]; *Mattia v Food Emporium*, 259 AD2d 527 [1999]; *Gomez v Jersey Coast Egg Producers*, 186 AD2d 629 [1992]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur. [*See* 11 Misc 3d 1077(A), 2006 NY Slip Op 50599(U) (2006).]