CHARLES KALLY et al., Respondents, v MOUNT SINAI HOSPITAL, Appellant. [844 NYS2d 415]—

In an action to rescind a commercial lease, the defendant appeals from an order of the Supreme Court, Queens County (Geller, J.), dated October 10, 2006, which denied its motion pursuant to CPLR 602 (b) to remove a summary holdover proceeding entitled *Matter of Kally v Mount Sinai Hospital* pending in the Civil Court, Queens County, under index No. 58005/06, to the Supreme Court, Queens County, and to consolidate that proceeding with this action.

Ordered that the order is reversed, with costs, on the law and in the exercise of discretion, and the defendant's motion to remove the summary holdover proceeding entitled *Matter of Kally v Mount Sinai Hospital* pending in the Civil Court, Queens County, under index No. 58005/06, to the Supreme Court, Queens County, and to consolidate that proceeding with this action is granted; and it is further,

Ordered that the Clerk of the Civil Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the proceeding entitled *Matter of Kally v Mount Sinai Hospital*, under index No. 58005/06, and certified copies of all minutes and entries.

The defendant moved pursuant to CPLR 602 (b) to remove a summary holdover proceeding entitled *Matter of Kally v Mount Sinai Hospital* pending in the Civil Court, Queens County under index No. 58005/06, to the Supreme Court, Queens County, and to consolidate that proceeding with this action. The Supreme Court denied the defendant's motion on the ground that the Civil Court is the preferred forum for resolving landlord-tenant issues.

Where common questions of law or fact exist, a motion to consolidate should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Nigro v Pickett*, 39 AD3d 720, 722 [2007]; *Flaherty v RCP Assoc.*, 208 AD2d 496, 498 [1994]; *Stephens v Allstate Ins. Co.*, 185 AD2d 338 [1992]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]). Here, both the holdover proceeding and the action

concern the same parties, and both involve common questions of law and fact regarding a lease executed by the defendant with respect to the premises that are the subject of the holdover proceeding. Resolution of the action in the Supreme Court will necessarily decide the issues in the holdover proceeding, and the two should be consolidated in the interest of judicial economy (*see Flaherty v RCP Assoc.*, 208 AD2d at 498; *DeCastro v Bhokari*, 201 AD2d 382, 383 [1994]; *Morrell & Co. Wine Emporium v Richalan Realty Corp.*, 93 AD2d 736, 737 [1983]). Moreover, the equitable relief sought in the Supreme Court is unavailable in the summary proceeding (*see* NY City Civ Ct Act § 213; *DeCastro v Bhokari*, 201 AD2d at 382; *Morrell & Co. Wine Emporium v Richalan Realty Corp.*, 93 AD2d at 736; *Lorch v Lorch*, 7 AD2d 641 [1958]). Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion. Ritter, J.P., Fisher, Covello and Dickerson, JJ., concur.