■ PINECREST NATIONAL FUNDING, LLC, Plaintiff, v AATLAS-B PROPERTIES, INC., et al., Defendants. (Matter No. 1.) In the Matter of ANTHONY TIRONE, Respondent, v AATLAS-B PROPERTIES, INC., et al., Respondents, and TOM TOMPKINS, Appellant. (Matter No. 2.) (And Other Titles.) [893 NYS2d 62]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In the interests of justice and judicial economy, given the circumstances of this case, the Supreme Court properly granted the motion of Anthony Tirone, as receiver for Pinecrest National Funding, LLC, to remove a summary proceeding commenced against the appellant from the City Court of the City of Yonkers to the Supreme Court, Westchester County, and to join that proceeding with a pending, related foreclosure action for trial and disposition (*see Kally v Mount Sinai Hosp.*, 44 AD3d 1010, 1010-1011 [2007]; *Flaherty v RCP Assoc.*, 208 AD2d 496, 498 [1994]). The appellant failed to make any showing that he would be prejudiced by the removal or the joint trial and disposition (*see Nigro v Pickett*, 39 AD3d 720 [2007]).

Where, as here, a case is tried without a jury, this Court's authority is as broad as that of the trial court, and this Court "may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). At trial, Tirone established his entitlement to the possession of the apartment in which the appellant resided, to the issuance of a warrant of eviction against the appellant (*see* RPAPL 711 [2]), and to an award for arrears in rent. The appellant neither testified nor presented any viable defense to either

the petition to recover possession of the apartment or the demand for the arrears in rent. Accordingly, the determination of the Supreme Court was warranted by the facts. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.