■ RICHMOND AMBOY REALTY, LLC, Respondent, v 3881 RICHMOND AVENUE REALTY, INC., Appellant. [898 NYS2d 487]—

In an action, inter alia, for a declaratory judgment, the defendant appeals from (1) so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated December 5, 2008, as granted those branches of the plaintiff's motion which were to remove a summary nonpayment proceeding entitled *3881 Richmond Avenue Realty, Inc. v Richmond Amboy Realty LLC*, pending in the Civil Court, Richmond County, under index No. 52537/08, to the Supreme Court, Richmond County, and to consolidate that proceeding with the instant action, and granted the plaintiff's separate motion for leave to amend the complaint to add causes of action, and (2) an order of the same court dated February 3, 2009, which granted its oral application to direct the plaintiff to pay rent pendente lite only to the extent of directing the plaintiff to pay rent in the amount of $7,500 per month.

Ordered that the appeal from the order dated February 3, 2009, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal; and it is further,

Ordered that the order dated December 5, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In the interests of judicial economy, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were to remove a summary nonpayment proceeding, pending in the Civil Court, to the Supreme Court, and to consolidate that proceeding with the instant action seeking, inter alia, a declaration regarding the plaintiff tenant's right to be restored to possession of the premises (*see* CPLR 602 [b]; *Pinecrest Natl. Funding, LLC v Aatlas-B Props., Inc.*, 68 AD3d 833 [2009]; *Kally v Mount Sinai Hosp.*, 44 AD3d 1010 [2007]).

The Supreme Court also providently exercised its discretion in granting the plaintiff's motion for leave to amend its complaint to add causes of action which accrued during the 16-month period when the plaintiff was out-of-possession (*see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]; *Hines v City of*

*New York*, 43 AD3d 869, 871 [2007]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.