The plaintiff in this action, which was commenced in Supreme Court, Kings County, seeks equitable relief relating to his assignment to the defendants of a note and mortgage that he previously held on certain real property located in Kings County, and notes and mortgages he executed in favor of the defendants relating to two parcels of real property he owned in Nassau County. The defendants asserted a counterclaim seeking to foreclose the mortgage on the property located in Kings County. *786 Subsequent to the commencement of this action, the defendants commenced, in Supreme Court, Nassau County, two actions to foreclose the mortgages on the plaintiffs Nassau County properties. The plaintiff moved pursuant to CPLR 602 to join for trial in Kings County this action and the two actions pending in the Supreme Court, Nassau County. The Supreme Court granted the plaintiffs motion, and the defendants appeal.
The Supreme Court did not improvidently exercise its discretion in granting the plaintiffs motion for a joint trial of the three actions in Supreme Court, Kings County. “Where common questions of law or fact exist, a motion to consolidate [or for a joint trial] should be granted absent a showing of prejudice to a substantial right by the party opposing the motion” (Rally v Mount Sinai Hosp., 44 AD3d 1010, 1010 [2007]; see CPLR 602; Nigro v Pickett, 39 AD3d 720, 721 [2007]). Consolidation or joint trials are “favored by the courts in serving the interests of justice and judicial economy” (Flaherty v RCP Assoc., 208 AD2d 496, 498 [1994]; see Shanley v Callanan Indus., 54 NY2d 52, 57 [1981]; Mideal Homes Corp. v L & C Concrete Work, 90 AD2d 789 [1982]). The plaintiff demonstrated that the issues raised in his action are identical to the defenses and counterclaims he raised in the mortgage foreclosure actions.
Contrary to the defendants’ contentions, the requirement of CPLR 507 that “action[s] in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property” be tried in the county in which the property is situated does not prevent joinder of these actions for trial. CPLR 502 provides that “[w]here, because of joinder of claims or parties, there is a conflict of provisions under this article, the court, upon motion, shall order as the place of trial one proper under this article as to at least one of the parties or claims.” The legislative history of this provision reveals that it was “designed to make it clear that where an otherwise proper joinder of claims or parties results in a conflict in the applicable venue provisions, this is not an objection to the joinder and the court may make an appropriate order as to venue” (1st Preliminary Rep of Advisory Comm on Prac and Pro of Temp Commn on Cts, 1957 NY Legis Doc No. 6 [b] at 17). Thus, denial of the plaintiffs motion for a joint trial was not required, despite the resulting “conflict of [venue] provisions” (CPLR 502).
Additionally, the defendants failed to demonstrate prejudice to a substantial right. The defendants have not demonstrated that, as they claim, they will be unable to file a notice of pendency in Nassau County (see CPLR 6511; see also RPAPL 1331). Further, although certainty of title records is an *787 important consideration (see Craig v Clifton Springs Country Club, 26 AD2d 903 [1966]; Reichenbach v Corn Exch. Bank Trust Co., 249 App Div 539, 541 [1937]), a certified copy of any judgment or final order rendered by the Supreme Court, Kings County, affecting the title to, or possession, use, or enjoyment of, the Nassau County properties can be recorded in the office of the recording officer of Nassau County (see Real Property Law § 297-b).
The defendants’ remaining contentions are without merit. Florio, J.P., Leventhal, Hall and Roman, JJ., concur.