*936 In an action to foreclose a mortgage, the defendants CMAT 1999-C1 Old Country Road, LLC, and LNR Partners, Inc., appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (DeStefano, J.), entered May 16, 2013, which, upon an order of the same court dated August 23, 2012, inter alia, granting that branch of the plaintiffs motion which was for summary judgment on the complaint and denying that branch of their cross motion which was to consolidate the instant action with an action entitled CMAT 1999-C1 Old County Rd., LLC v Westbury Prop. Inv. Co. & Westwood, LLC, pending in the Supreme Court, Nassau County, under index No. 16429/10, among other things, directed the sale of the subject premises.
Ordered that the judgment is reversed, on the law, the facts, and in the exercise of discretion, with costs, that branch of the plaintiffs motion which was for summary judgment on the complaint is denied, that branch of the cross motion of the defendants CMAT 1999-C1 Old Country Road, LLC, and LNR Partners, Inc., which was for consolidation is granted, and the order dated August 23, 2012, is modified accordingly.
This foreclosure action involves real property which was the site of a Fortunoff department store (hereinafter the Fortunoff site), and adjacent real property upon which the Source Mall is located (hereinafter the Source Mall site). In 1995, the then-owners of the Source Mall site and the Fortunoff site sought to integrate the parcels, and entered into a Construction, Operation and Reciprocal Easement Agreement (hereinafter the COREA) and a Supplemental Agreement. Section 19.1 of the COREA contained a provision, referred to as an operating covenant, requiring the Fortunoff site to be operated as a Fortunoff department store for 15 consecutive years. Pursuant to section 6 of the Supplemental Agreement, the owner of the Source Mall site was granted an exclusive option to purchase the Fortunoff site (hereinafter the purchase option) if, among other circumstances, the Fortunoff site ceased to be operated as a Fortunoff department store during the 15-year operating period.
In August 2009, the owner of the Source Mall site purported to assign the purchase option to the defendant CMAT 1999-Cl Old Country Road, LLC (hereinafter CMAT). Shortly thereafter, after the Fortunoff store ceased operations, CMAT and CMAT’s manager, the defendant LNR Partners, Inc. (hereinafter together the CMAT defendants), attempted to exercise the purchase option. The owner of the Fortunoff site rejected the attempt, contending that the purported assignment of the purchase option to CMAT was invalid. In 2010, CMAT com *937 menced an action (hereinafter the declaratory judgment action) in the Supreme Court, Nassau County, seeking, inter alia, a declaration that it had a right to exercise the purchase option, and filed a notice of pendency with respect to the Fortunoff site.
In 2011, Bank of America, N.A. (hereinafter Bank of America) commenced this action to foreclose on a mortgage encumbering the Fortunoff site. Thereafter, Bank of America assigned the mortgage to U.S. Bank, N.A. (hereinafter the plaintiff), which was substituted as the plaintiff in this action. The CMAT defendants submitted an answer in which they alleged that CMAT’s purchase option was senior to any interest held by the plaintiff.
The Supreme Court should have denied that branch of the plaintiff’s motion which was for summary judgment on the complaint. In opposition to the plaintiffs prima facie showing of its entitlement to judgment as a matter of law, the CMAT defendants raised triable issues of fact with respect to whether CMAT had a purchase option that was superior in priority to the plaintiffs mortgage (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Weill v East Sunset Park Realty, LLC, 101 AD3d 857, 858 [2012]). Although section 19.2 of the COREA provided that the operating covenants contained in section 19.1 of the COREA were subordinated to the lien of any existing or future mortgage recorded against the Fortunoff site, the purchase option was not contained in section 19.1 of the COREA, and section 19.2 of the COREA further provided that all terms, provisions, covenants, conditions, and restrictions contained in the COREA and Supplemental Agreement other than the operating covenants contained in Section 19.1 of the COREA shall be prior to and superior to all such mortgages. Moreover, while a release executed by the owner of the Fortunoff site and the owner of the Source Mall site in 2005 provided that the owners released any and all claims in any way related to or arising out of the covenants and agreements set forth in section 19 of the COREA and section 13 of the Supplemental Agreement, the purchase option was not contained in section 19 of the COREA or section 13 of the Supplemental Agreement, but rather, was located in section 6 of the Supplemental Agreement.
Further, in light of the CMAT defendants’ showing that this action and the declaratory judgment action raise common questions of law and fact, and the plaintiffs failure to allege that it would suffer any prejudice to a substantial right if consolidation were granted, the Supreme Court improvidently exercised its discretion in denying that branch of the cross motion of the CMAT defendants which was to consolidate this action with the *938 declaratory judgment action (see CPLR 602; Whiteman v Parsons Transp. Group of N.Y., Inc., 72 AD3d 677, 678 [2010]; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 856 [2009]; Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850 [2008]).
The parties’ remaining contentions, including the issue raised by the plaintiff on its cross appeal from the order dated August 23, 2012, are without merit or need not be reached in light of our determination.
Mastro, J.R, Lott, Austin and Hinds-Radix, JJ., concur.