Rhoe v Reid (2018 NY Slip Op 08049)





Rhoe v Reid


2018 NY Slip Op 08049


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-03659
2016-03660
 (Index Nos. 601531/14, 6328/14)

[*1]Sheryl Rhoe, plaintiff-respondent, 
v
Patricia Reid, defendant-respondent, et al., defendant. (Action No. 1)
Bank of New York Mellon Trust Company, N.A., etc., appellant,Patricia Reid, et al., defendants- respondents, et al., defendant. (Action No. 2)


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Rajdai D. Singh of counsel), for appellant.
Kenneth R. Berman, Forest Hills, NY, for plaintiff-respondent in Action No. 1 and defendant-respondent Sheryl Rhoe, sued in Action No. 2 as John Doe #1.



DECISION & ORDER
In an action to recover damages for conversion and fraud (Action No. 1), and a related action to foreclose a mortgage (Action No. 2), the plaintiff in Action No. 2, Bank of New York Mellon Trust Company, N.A., appeals from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated May 12, 2015, and (2) an order of the same court dated January 22, 2016. The order dated May 12, 2015, insofar as appealed from, granted that branch of the motion of the plaintiff in Action No. 1, Sheryl Rhoe, which was pursuant to CPLR 602(a) to consolidate the two actions for discovery and trial. The order dated January 22, 2016, insofar as appealed from, denied those branches of the motion of the plaintiff in Action No. 2 which were for leave to enter a default judgment and for an order of reference, and granted those branches of the cross motion of Sheryl Rhoe, sued in Action No. 2 as John Doe #1, which were pursuant to CPLR 3211(a)(8) and (10) to dismiss the complaint in Action No. 2.
ORDERED that the order dated May 12, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated January 22, 2016, is modified, on the law, (1) by deleting the provision thereof granting those branches of the cross motion of Sheryl Rhoe, sued in Action No. 2 as John Doe #1, which were pursuant to CPLR 3211(a)(8) and (10) to dismiss the complaint in Action No. 2, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the provision thereof denying that branch of the motion of the plaintiff in Action No. 2 which was for leave to enter a default judgment against the defendant Patricia Reid; as so modified, the order dated January 22, 2016, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to [*2]determine whether the defendant Patricia Reid was properly served with process pursuant to CPLR 308(2) and, thereafter, a new determination of that branch of the motion of the plaintiff in Action No. 2 which was for leave to enter a default judgment against the defendant Patricia Reid.
In 1987, Sheryl Rhoe purchased the subject real property. In 2005, the property was conveyed to Patricia Reid, who executed a note in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide), and gave a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide. Reid subsequently filed a petition to evict Rhoe from the premises and, in February 2014, obtained a judgment of eviction. In April 2014, Rhoe commenced Action No. 1 (hereinafter the fraud action), alleging that she was the victim of a fraudulent foreclosure rescue scheme perpetrated by Reid and Home Savers Consulting Corp. that resulted in her loss of title to and significant equity in the subject property. Thereafter, Bank of New York Mellon Trust Company, N.A. (hereinafter the bank), commenced Action No. 2 (hereinafter the foreclosure action), seeking to foreclose the mortgage given by Reid. Subsequently, Rhoe moved, among other things, pursuant to CPLR 602(a) to consolidate the two actions. The bank opposed the motion. In an order dated May 12, 2015, the Supreme Court, inter alia, granted that branch of Rhoe's motion.
The bank then moved in the foreclosure action, among other things, for leave to enter a default judgment against all the defendants, based on their respective failures to appear or answer the complaint, and for an order of reference. Reid opposed the motion. Rhoe cross-moved, inter alia, to dismiss the complaint in the foreclosure action insofar as asserted against Reid on the ground that Reid was not properly served with process (see CPLR 3211[a][8]) and, thereupon, to dismiss the complaint in its entirety for failure to join an indispensable party (see CPLR 1001, 3211[a][10]; RPAPL 1311). In an order dated January 22, 2016, the Supreme Court, among other things, denied those branches of the bank's motion which were for leave to enter a default judgment and for an order of reference, and granted those branches of Rhoe's cross motion which were pursuant to CPLR 3211(a)(8) and (10) to dismiss the complaint in the foreclosure action. The bank appeals from both orders.
"A motion to consolidate two or more actions rests within the sound discretion of the trial court" (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 622). "A motion to consolidate pursuant to CPLR 602(a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion. Consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850 [citations omitted]; see Bruno v Capetola, 101 AD3d 785, 786).
Here, Rhoe demonstrated that both the fraud action and the foreclosure action arise from the same transaction, concern the same parties, and involve common questions of law and fact. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Rhoe's motion which was to consolidate the two actions (see U.S. Bank, N.A. v Westwood, LLC, 115 AD3d 935, 937-938; Bruno v Capetola, 101 AD3d at 786; American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d at 622; First Natl. Bank of Nev. v Williams, 74 AD3d 740, 742).
We disagree, however, with the Supreme Court's determination to grant that branch of Rhoe's cross motion which was to dismiss the complaint in the foreclosure action insofar as asserted against Reid. Reid never cross-moved for such relief (see CPLR 3211[a][8]), and Rhoe lacked standing to challenge whether Reid was properly served with process, since such a claim is personal in nature and may only be raised by the party allegedly improperly served (see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 714; Matter of Rhoades v Westchester County Bd. of Elections, 115 AD3d 958, 960; Wells Fargo Bank, N.A. v Bowie, 89 AD3d 931, 932; NYCTL 1996-1 Trust v King, 13 AD3d 429, 430; Home Sav. of Am. v Gkanios, 233 AD2d 422, 423). Accordingly, those branches of Rhoe's cross motion which were pursuant to CPLR 3211(a)(8) and (10) to dismiss the complaint in the foreclosure action should have been denied.
Contrary to the bank's contention, it was not entitled to a default judgment against Reid as a matter of law, as Reid raised a triable issue of fact as to whether she was properly served. [*3]We agree with the bank, however, that the Supreme Court should have directed a hearing to aid in the disposition of that branch of its motion which was for leave to enter a default judgment as against Reid, since a conflict exists as to whether service was properly made pursuant to CPLR 308(2), including whether the address where process was served was Reid's "dwelling place or usual place of abode" (CPLR 308[2]; see Central Mtge. Co. v Ward, 127 AD3d 803, 804; Goralski v Nadzan, 89 AD3d 801, 802; Bankers Trust Co. of California, N.A. v Tsoukas, 303 AD2d 343, 344).
The parties' remaining contentions are without merit.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court