Tafolla v Aldrich Mgt. Co., LLC (2019 NY Slip Op 03397)





Tafolla v Aldrich Mgt. Co., LLC


2019 NY Slip Op 03397


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-01094
 (Index Nos. 10238/10, 61934/14, 17269/15)

[*1]Kim Tafolla, plaintiff, 
v
Aldrich Management Co., LLC, appellant, et al., defendant. (Action No. 1)
Kim Tafolla, plaintiff,David J. Weissberg, etc., respondent. (Action No. 2)
Kim Tafolla, plaintiff,
v
Louann Fiorentine, defendant. (Action No. 3)


Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., and Evan E. Richards of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Elmsford, NY (Robert E. Fein of counsel), for respondent.



DECISION & ORDER
In three related actions to recover damages for personal injuries, Aldrich Management Co., LLC, a defendant in Action No. 1, appeals from an order of the Supreme Court, Suffolk County (Gerard Asher, J.), dated November 29, 2016. The order, insofar as appealed from, granted that branch of the motion of David J. Weissberg, the defendant in Action No. 2, which was for leave to reargue and renew his opposition to those branches of the separate motions of Aldrich Management Co., LLC, and Dunkin Donuts, Inc., a defendant in Action No. 1, and the plaintiff in Action Nos. 1, 2, and 3, which were to consolidate Action Nos. 1 and 2, which had been granted in an order of the same court dated April 19, 2016, and, upon reargument and renewal, vacated that portion of the order dated April 19, 2016, and thereupon denied those branches of the prior motions.
ORDERED that the order dated November 29, 2016, is affirmed insofar as appealed from, with costs.
The plaintiff allegedly injured her neck and her right ankle when she slipped and fell in a parking lot of a strip mall owned by Aldrich Management Co., LLC (hereinafter Aldrich). The plaintiff commenced Action No. 1 against Aldrich and Dunkin Donuts, Inc. (hereinafter Dunkin), a tenant occupying space at the mall, seeking damages for negligent maintenance of the property. Subsequently, the plaintiff commenced Action No. 2, sounding in medical malpractice, against David J. Weissberg, alleging that while performing an independent medical examination on behalf of the insurance companies in Action No. 1, Weissberg manipulated the plaintiff's right ankle and caused a further injury to the ankle. The plaintiff also commenced Action No. 3 to recover damages for injuries allegedly sustained in a motor vehicle accident that was unrelated to the alleged slip-and- fall incident. The plaintiff moved, and Aldrich and Dunkin separately moved, to consolidate the actions, and Weissberg opposed the motions. The Supreme Court granted the motions to [*2]consolidate. Thereafter, Weissberg moved to reargue and renew his opposition to the motions to consolidate. The court granted the motion to reargue and renew, and upon reargument and renewal, denied the motions to consolidate. Aldrich appeals from so much of the order as pertains to the consolidation of Action Nos. 1 and 2.
Contrary to Aldrich's contentions, the Supreme Court had jurisdiction to reconsider its prior order "regardless of statutory time limits concerning motions to reargue" (Liss v Trans Auto Sys., 68 NY2d 15, 20; see Aridas v Caserta, 41 NY2d 1059, 1061; Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d 636, 638). Moreover, "[w]here common questions of law or fact exist, a motion to consolidate should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (Kally v Mount Sinai Hosp., 44 AD3d 1010, 1010; see Weiss & Biheller, MDSE, Corp. v Preciosa USA, Inc., 127 AD3d 1176; Nigro v Pickett, 39 AD3d 720). However, a motion to consolidate should be denied where the two actions do not share common questions of law or fact (see New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756, 757; Weiss & Biheller, MDSE, Corp. v Preciosa USA, Inc., 127 AD3d at 1176). Contrary to Aldrich's contention, Action Nos. 1 and 2 do not share common questions of law or fact.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Weissberg's motion which was for leave to reargue his opposition to those branches of the motions which were to consolidate Action Nos. 1 and 2, and we agree with the court's determination, upon reargument, to deny those branches of the motions.
In light of our determination, we need not reach Aldrich's remaining contentions.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court