Disa Realty, Inc. v Rao (2021 NY Slip Op 05692)





Disa Realty, Inc. v Rao


2021 NY Slip Op 05692


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2019-00439
 (Index No. 9880/12)

[*1]Disa Realty, Inc., respondent,
v
Kishor Rao, etc., appellant.


Kishor Rao, Lackawaxen, Pennsylvania, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered August 19, 2018. The judgment of foreclosure and sale, upon an order of the same court (Chereé A. Buggs, J.) entered July 18, 2017, denying the defendant's motion, inter alia, to consolidate the action with an action entitled Disa Realty, Inc. v Rao, pending in the same court under Index No. 10206/12, and upon a decision of the same court (Mojgan Cohanim Lancman, J.), made after a nonjury trial, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, with costs, that branch of the defendant's motion which was to consolidate the action with the action entitled Disa Realty, Inc. v Rao, pending in the Supreme Court, Queens County, under Index No. 10206/12 is granted, the order entered July 18, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In 2009, the defendant purchased the subject commercial property, located at 107-05 Liberty Avenue in Ozone Park, from the plaintiff, Disa Realty, Inc., a corporation wholly owned by Rodolfo Amarain, its sole officer and director. During the previous year, the defendant had purchased the adjoining property, located at 107-07 Liberty Avenue (hereinafter the 107-07 property). The 107-07 property was the subject of a separate mortgage foreclosure action (hereinafter the 107-07 action) by the same plaintiff against the same defendant, "based on substantially identical loan documents" (Disa Realty, Inc. v Rao, 168 AD3d 1037, 1038).
By summons and complaint dated May 9, 2012, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that the defendant had defaulted in making the mortgage payment due October 1, 2010, and all payments due thereafter. On a prior appeal, this Court modified an order of the Supreme Court dated March 26, 2013, so as to grant that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim, and otherwise affirmed the order denying the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference (Disa Realty, Inc. v Rao, 137 AD3d 740). This Court agreed with the Supreme Court's determination that the defendant's affidavit and supporting documents in opposition to the plaintiff's motion "raised triable issues of fact as to whether the defendant had, in fact, defaulted in his monthly mortgage payments," issues which were not resolved by the affidavit submitted by the [*2]plaintiff in reply (id. at 741).
Upon remittal of the matter to the Supreme Court, the defendant moved to dismiss the complaint insofar as asserted against him based upon a violation of Judiciary Law § 487, to strike the note of issue and certificate of readiness and compel further discovery, to consolidate the instant action with the 107-07 action, and to declare the subject mortgage and note null and void on the basis of the defendant's alleged payment of $1,896,519.42 toward the original mortgage obligations for the subject property and the 107-07 property. The plaintiff opposed the motion. In an order entered July 18, 2017 (hereinafter the 2017 order), the court, inter alia, denied the motion, explaining that it denied consolidation, "as this relief was already sought in the [107-07 action] and denied by Honorable David Elliot [in an order] dated January 7, 2016." The defendant's appeal from the 2017 order is decided herewith (Disa Realty, Inc. v Rao, ___ AD3d ___ [Appellate Division Docket No. 2017-09067]), and the issues raised on that appeal are brought up for review and have been considered on this appeal (see id.).
After a nonjury trial in 2018, in a posttrial decision, the Supreme Court found, inter alia, that the defendant had defaulted relative to the note and the mortgage, that the plaintiff was due the sum of $325,740.54, and that the plaintiff was entitled to a judgment of foreclosure and sale in accordance therewith. The court concluded, based on Amarain's testimony and the documentary evidence admitted at trial, that the plaintiff established its entitlement to a judgment of foreclosure and sale as a matter of law, proffering the relevant loan documents and evidence demonstrating that the defendant had defaulted in making the monthly payments under the mortgage. The court entered a judgment of foreclosure and sale on August 19, 2018. The defendant appeals.
"A motion to consolidate two or more actions rests within the sound discretion of the trial court" (Rhoe v Reid, 166 AD3d 919, 921 [internal quotation marks omitted]; see American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 622). "Where common questions of law or fact exist, a motion [pursuant to CPLR 602(a)] to consolidate or for a joint trial should be granted,, absent a showing of prejudice to a substantial right by the party opposing the motion" (Bruno v Capetola, 101 AD3d 785, 786 [internal quotation marks and brackets omitted]; see Rhoe v Reid, 166 AD3d at 921).
Here, the defendant demonstrated that both this action and the 107-07 action arise from similar transactions, concern the same parties, and involve common questions of law and fact (see Rhoe v Reid, 166 AD3d at 920). Indeed, the two actions are "based on substantially identical loan documents" (Disa Realty, Inc. v Rao, 168 AD3d at 1038). Nevertheless, the Supreme Court denied, without reaching its merits, that branch of the defendant's motion which was to consolidate the actions, on the grounds that the court in the 107-07 action had already denied a similar motion, and a final judgment of foreclosure and sale already had been entered in that action. Under those circumstances, the 107-07 action was not a pending action which could be consolidated with the instant action pursuant to CPLR 602(a) (see IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707). However, the denial, in the 107-07 action, of the motion to consolidate the two actions, and the judgment of foreclosure and sale entered in that action, were subsequently reversed by this Court (see Disa Realty, Inc. v Rao, 168 AD3d at 1037). Accordingly, in the instant action, that branch of the defendant's motion which was to consolidate the two actions should not have been denied. In the interest of judicial economy, rather than remit the matter to the Supreme Court for consideration of the motion on the merits, we find that the defendant has established that consolidation is appropriate here, as "it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850; see Rhoe v Reid, 166 AD3d at 921). Contrary to the plaintiff's contention, it has not demonstrated that consolidation will cause it to suffer any prejudice to a substantial right (see U.S. Bank, N.A. v Westwood, LLC, 115 AD3d 935, 937-938; Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d at 850).
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing [*3]the witnesses" (US Bank N.A. v Pierre, 189 AD3d 1309, 1310 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d 682, 685). "An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced" (CPLR 2002).
The defendant testified that he had paid the plaintiff a total of $805,000 in cash and checks to Amarain and others, namely, relatives and associates of Amarain, some of whom the defendant did not know, for fictional services the defendant never received, all at the behest of Amarain, to be credited toward the mortgages on the subject property and the 107-07 property. He further testified that the purpose of the third-party payments was to enable the plaintiff to avoid paying taxes on the money. Critical to proving this defense were audio recordings, and transcriptions thereof, of conversations between the defendant and Amarain, and between the defendant and Amarain's employee, Lakhram Indel, regarding the cash payments and checks to third parties and their purpose. The Supreme Court improvidently exercised its discretion multiple times in ruling that certain items of evidence, critical to the defense at issue on trial, were inadmissible on various grounds. "Moreover, the probative value of this evidence was not substantially outweighed by any danger that it would unfairly prejudice the respondent[ ]" (Appleton v 205 E. 17th St., LLC, 101 AD3d 772, 773). First, the court cited no statute or case law when it refused, in this action, to admit any document that had been marked for identification in the 107-07 action, and there does not appear to be any legal basis for such a ruling. Second, the court improvidently exercised its discretion in declining to consider certain documents created by the defendant's dietary supplement business, bearing written notes to the effect that payment for dietary supplements purchased by Amarain and his wife would be credited toward the mortgages. Mistakenly concluding that the documents constituted medical records, the court returned them to the defendant, because they did not have "a proper authorization of the release of medical records," and advised the defendant "to be very careful when it comes to people's medical records."
The Supreme Court also improvidently exercised its discretion in denying the defendant's request, by motion filed on February 20, 2018, for "a first single adjournment of trial" so as to have "[t]ime to pay and call Experts crucial in this case for audio and forensic document examiners who submitted affidavits" (see Zysk v Bley, 24 AD3d 757, 758). Specifically, the defendant hired Paul Ginsberg, an audio expert, to "determine the authenticity" of 17 conversation segments that were on the recordings he received from the defendant. Ginsberg had prepared written transcripts of the conversations, transferred the recordings to CDs, and written a report with respect to the recorded evidence, in which he concluded, based on his examination of the recordings, that "[a]ll segments [were] continuous, with no observation of discontinuities," and "[t]he recorded segments accurately reflect[ed] the words and conversation, as spoken at the time of recording." The court first denied the defendant's request for a continuance to arrange for Ginsberg to testify and provide a foundation for the recordings, and then ruled that the recordings were inadmissible, because, although the defendant had testified that they had left his custody and had been in the custody of Ginsberg, Ginsberg "was not [there] to testify as to [the recordings'] authenticity before [the court]."
We find that the cumulative effect of the Supreme Court's improvident rulings with respect to the continuance and the admissibility of the defendant's evidence was to deprive the defendant of a fair trial (see Appleton v 205 E. 17th St., LLC, 101 AD3d at 772-773).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court