■ JOSEPH SROB, Respondent, v. RAYMOUNT REALTY, INC., et al., Defendants, and SHELDON SELIKOFF, Appellant. (Action No. 1.) JOSEPH SROB, Respondent, v. RAYMOUNT REALTY, INC., et al., Defendants, and SHELDON SELIKOFF, Appellant. (Action No. 2.) — In consolidated actions to foreclose mortgages on real property and for money damages, defendant Selikoff appeals from so much of an order of the Supreme Court, Westchester County, dated September 2, 1969, as denied his motion to dismiss the second and third causes of action in the complaint in each action, for failure to state a cause of action. Order reversed insofar as appealed from, with $10 costs and disbursements; in accordance, the words " the motion and " are stricken from the decretal paragraph of the order; and defendant Selikoff's motion granted, with leave to plaintiff to serve amended complaints as against said defendant. Plaintiff may serve such amended complaints within 20 days after entry of the order hereon. The second and third causes of action in the two complaints are insufficient. The gravamen of the second cause of action in each complaint purports to be the wrongful inducement of plaintiff, by means of fraudulent representations, to purchase certain mortgages. The gravamen of the third causes of action is the wrongful causing of the mortgages to become subordinated to other mortgages. The only connection shown between appellant and the wrongs allegedly perpetrated is the existence of appellant's name in the captions of the complaints, each of which captions contains the names of 18 defendants. The complaints do not set forth the material facts of the transactions relied upon

in relation to appellant. The complaints do not specifically allege, nor are there facts alleged from which it can be reasonably inferred, that appellant actively participated in the claimed wrongdoing (cf. *Nemenyi* v. *Raymond Int.*, 22 A D 2d 657). Nor is there any showing of a relationship between appellant and the tort-feasors named in the body of the complaints or between appellant and plaintiff which would justify the inference that there was some duty owed to plaintiff which was violated by defendant (*Jennings* v. *Burlington Ind.*, 19 A D 2d 877, 878; 24 N. Y. Jur., Fraud and Deceit, § 17). As stated by the last cited authority (p. 52), "there can be no fraud in law or in fact without a breach of some legal or equitable duty, and * * * the relationship between the parties must be such that the one making the representation owes a duty of care." The otherwise insufficient causes are not rendered sufficient as to appellant by the allegations of conspiracy among the defendants (*Von Au* v. *Magenheimer*, 126 App. Div. 257, 262). Christ, P. J., Hopkins, Munder, Latham and Benjamin, JJ., concur.