■ SAEED ASGAHAR et al., Appellants, v TRINGALI REALTY, INC., et al., Respondents. [795 NYS2d 68]—

In an action, inter alia, to recover damages for breach of contract, tortious interference with contract, and violation of the Civil Rights Law, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated January 21, 2004, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed, with costs.

The Supreme Court incorrectly determined that the complaint in this action is barred by the doctrine of res judicata. "Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (*Sclafani v Story Book Homes,* 294 AD2d 559, 559-560 [2002]). The complaint in a prior related action was dismissed for failure to state a cause of

action upon which relief could be granted, with leave to replead. Therefore, the dismissal was not on the merits, and res judicata does not apply in the instant case (*see Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615 [1985]).

However, the Supreme Court properly found that the instant complaint failed to state a cause of action upon which relief could be granted. In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, viewing the allegations as true, the plaintiff cannot establish a cause of action (*see Cayuga Partners v 150 Grand*, 305 AD2d 527 [2003]).

However, "[i]t is well settled that bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action. When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one" (*Meyer v Guinta*, 262 AD2d 463, 464 [1999]; *see Ahmed v Getty Petroleum Mktg., Inc.*, 12 AD3d 385, 385-386 [2004]).

Here, the Supreme Court properly found that the evidence submitted demonstrated that there was no clear and unambiguous promise upon which the plaintiffs could have reasonably relied to sustain a cause of action for breach of contract on a theory of promissory estoppel (*see generally Gurreri v Associates Ins. Co.*, 248 AD2d 356, 357 [1998]; *see also Caridi v Markey*, 148 AD2d 653 [1989]). The plaintiffs also failed to allege the existence of a contract between themselves and a third party to sustain a cause of action for tortious interference with a contract (*see generally Foster v Churchill*, 87 NY2d 744, 749-750 [1996]; *see also Commodari v Long Is. Univ.*, 295 AD2d 302 [2002]).

Moreover, the plaintiffs' bare legal conclusion that the defendants violated unspecified civil rights laws was clearly insufficient to sustain a cause of action (*see generally Meyer, supra; see also Kane v Orange County Publs.*, 232 AD2d 526, 527 [1996]). Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.