■ JOSEPH TORTURA, Appellant, v SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO, P.C., Respondent. [837 NYS2d 333]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much

of an order of the Supreme Court, Kings County (Douglass, J.), dated April 3, 2006, as granted that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff previously commenced an action against the defendant, inter alia, to recover damages for legal malpractice. The Supreme Court granted the defendant's motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), on the ground, inter alia, that the cause of action alleging legal malpractice was not pleaded with the requisite specificity. We affirmed (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.,* 21 AD3d 1082 [2005]). Subsequently, the plaintiff commenced the instant action against the defendant, again seeking to recover damages, among other things, for legal malpractice.

Contrary to the defendant's contention, this action is not barred by the doctrine of res judicata or the doctrine of collateral estoppel since the dismissal of the prior action did not involve a determination on the merits (*see Asgahar v Tringali Realty, Inc.,* 18 AD3d 408 [2005]) and the issues were not actually litigated therein (*see Matter of Halyalkar v Board of Regents of State of N.Y.,* 72 NY2d 261, 268 [1988]; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456-457 [1985], citing Restatement [Second] of Judgments § 27). However, as in the prior action, the instant complaint also failed to state a cause of action (*see* CPLR 3211 [a] [7]; *Rau v Borenkoff,* 262 AD2d 388, 389 [1999]). Thus, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) (*see Guggenheimer v Ginzburg,* 43 NY2d 268 [1977]; *Martin v New York Hosp. Med. Ctr. of Queens,* 34 AD3d 650 [2006]; *Simmons v Edelstein,* 32 AD3d 464 [2006]). Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.