■ TIMOTHY SULLIVAN, Appellant, v ST. FRANCIS HOSPITAL et al., Defendants, and PHANI NIMMAGADDA, Respondent. [846 NYS2d 338]—

In an action to recover damages for wrongful death and conscious pain and suffering allegedly resulting from medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jonas, J.), dated September 18, 2006, which granted the motion of the defendant Phani Nimmagadda, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him on the ground that it "fails to allege any facts upon which liability of defendant to plaintiff's decedent might be predicated," and (2) a judgment of the same court entered October 24, 2006, which, upon the order, is in

favor of the defendant Phani Nimmagadda dismissing the complaint insofar as asserted against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant Phani Nimmagadda is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In this action to recover damages for wrongful death and conscious pain and suffering allegedly resulting from medical malpractice, the summons and complaint named Phani Nimmagadda in the caption. However, in the recitals of the complaint identifying each of the parties, he was omitted and was not identified anywhere in the complaint. The complaint alleges that the plaintiff's decedent, over a one-year period, was treated by several medical providers who, inter alia, misdiagnosed and failed to treat her cardiac problems, resulting in her death on May 29, 2003. In the bill of particulars against Nimmagadda, he is identified for the first time as a doctor who treated the plaintiff's decedent at St. Catherine of Siena Nursing Home and St. Catherine of Siena Medical Center. The Supreme Court granted Nimmagadda's motion to dismiss the complaint insofar as asserted against him on the ground that he was not mentioned in the body of the complaint. We affirm.

Although a bill of particulars may be used to amplify the allegations in a complaint (see Nader v General Motors Corp., 25 NY2d 560, 565 [1970]) and be considered in determining the "sufficiency of a pleaded cause of action" (Siegel, NY Prac § 238 at 401 [4th ed]), a bill of particulars may not be used to supply essential allegations of a cause of action that was not pleaded in the complaint (see Mavroudis v State Wide Ins. Co., 102 AD2d 864 [1984]; Lewis v Village of Deposit, 40 AD2d 730 [1972], affd 33 NY2d 532 [1973]; Srob v Raymount Realty, 34 AD2d 1002 [1970]; Melino v Tougher Heating & Plumbing Co., 23 AD2d 616 [1965]). In the instant case, where the only reference to Phani Nimmagadda is in the caption, and there is no showing of a relationship between him and the tortfeasors named in the body of the complaint from which a cause of action against him may be inferred, the complaint was properly dismissed insofar as asserted against him (see Srob v Raymount Realty, 34 AD2d

1002 [1970]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.