■ VIAFAX CORP. et al., Appellants, v CITICORP LEASING, INC., Respondent. [864 NYS2d 479]—

In an action, inter alia, to recover damages for the failure to conduct the sale of collateral in a commercially reasonable manner and breach of the implied covenant of good faith and fair dealing, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 10, 2007, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4), and denied their cross motion to consolidate the action with an action entitled *Citicorp Leasing, Inc. v Viafax Corp.*, pending in the Supreme Court, Nassau County, under index No. 5554/05.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4) is denied, the plaintiffs' cross motion to consolidate the action with an action entitled *Citicorp Leasing, Inc. v Viafax Corp.*, pending in the Supreme Court, Nassau County, under index No. 5554/05, is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the amendment of the caption to reflect the consolidation.

The plaintiff Viafax Corp. (hereinafter Viafax) is a dissolved domestic corporation which was formerly engaged in the business of leasing motor vehicles. The defendant Citicorp Leasing, Inc. (hereinafter Citicorp), is a secured creditor who advanced the plaintiff funds to finance the purchase of motor vehicles pursuant to a 1999 loan agreement which was personally guaranteed by the individual plaintiffs Mark Doyle and Robert Allgier (hereinafter the guarantors). Viafax allegedly defaulted on its obligations under the loan agreement commencing in October 2003 and an auction thereafter was conducted to sell

the collateral which secured the loan agreement, including all motor vehicles and leases for which financing was provided. Citicorp was the only bidder at the auction, and it purchased the subject collateral for the sum of $1,098,735.

Citicorp subsequently commenced an action (hereinafter the first action) against Viafax and the guarantors seeking to recover an alleged deficiency of more than $7 million which remained due after crediting Viafax with the proceeds of the auction. In their answer, Viafax and the guarantors raised, inter alia, three affirmative defenses alleging that Citicorp's claims were barred by its failure to act in good faith in the servicing of the loan agreement, and the repossession and sale of the collateral. Viafax and the guarantors also raised five affirmative defenses alleging that Citicorp was not entitled to a deficiency judgment because it failed to dispose of the collateral in a commercially reasonable manner as required by UCC 9-610 (b), thereby reducing the amount received on the disposition of the collateral. In addition, Viafax and the guarantors interposed two counterclaims in the first action which were predicated upon Citicorp's alleged failure to dispose of the collateral in a commercially reasonable manner, and breach of the implied duty of good faith and fair dealing. The counterclaims sought an accounting and, in effect, to recover any surplus which would have existed if the collateral had been sold in a commercially reasonable manner. Citicorp thereafter moved for summary judgment on its complaint, and dismissal of the affirmative defenses and counterclaims. By order dated December 19, 2006, the Supreme Court (Bucaria, J.) denied that branch of Citicorp's motion in the first action which was for summary judgment, concluding that issues of fact existed as to whether Citicorp conducted the sale of the collateral in a commercially reasonable manner. The court also, inter alia, dismissed the three affirmative defenses alleging that Citicorp failed to act in good faith because they were insufficiently pleaded, and dismissed the two counterclaims on the ground that, in the loan agreement, Viafax had waived its right to interpose counterclaims.

Shortly thereafter, by summons and complaint filed on February 5, 2007, Viafax and the guarantors commenced this action (hereinafter the second action) against Citicorp seeking an accounting and damages based upon Citicorp's alleged failure to dispose of the chattel in a commercially reasonable manner, and breach of the implied duty of good faith and fair dealing. Citicorp responded by moving, inter alia, pursuant to CPLR 3211 (a) (4) to dismiss the complaint in the second action upon the ground that there was a prior action pending between the parties.

Viafax and the guarantors opposed the motion, and cross-moved for consolidation. The Supreme Court granted that branch of Citicorp's motion which was to dismiss the complaint in the second action pursuant to CPLR 3211 (a) (4). The court concluded that the first cause of action set forth in the complaint, alleging failure to dispose of the chattel in a commercially reasonable manner, was duplicative of still pending affirmative defenses in the first action, and that Viafax and the guarantors could obtain full redress of their rights in the first action. The court further concluded that the second cause of action alleging that Citicorp had breached its implied duty of good faith and fair dealing was barred because the three affirmative defenses alleging lack of good faith in the first action had been dismissed on the merits. We reverse.

The core allegations set forth in the first cause of action in the second action are duplicative of the still-pending affirmative defenses in the first action, which allege that Citicorp failed to act in a commercially reasonable manner in various aspects of the disposition of the chattel. However, contrary to the court's conclusion, Viafax and the guarantors cannot obtain full redress of their rights in the first action because the pending affirmative defenses merely challenge Citicorp's right to recover a deficiency in the amount claimed, and do not entitle Viafax and the guarantors to affirmative relief (*see Enrico & Sons Contr. v Bridgemarket Assoc.*, 252 AD2d 429 [1998]). Citicorp's arguments regarding the sufficiency of the first cause of action are raised for the first time on appeal, and thus are not properly before this Court (*see Resnick v Doukas*, 261 AD2d 375 [1999]; *see also Gallagher v Gallagher*, 51 AD3d 718 [2008]; *Edme v Tanenbaum*, 50 AD3d 624 [2008]; *Matter of AIU Ins. Co. v Rodriguez*, 43 AD3d 1042 [2007]).

Furthermore, the court improperly concluded that its dismissal of the three affirmative defenses alleging lack of good faith in the first action barred the second cause of action predicated upon Citicorp's alleged breach of its implied duty of good faith and fair dealing. The dismissal of these defenses because they were insufficiently pleaded was not a dismissal on the merits which barred them from being asserted in a new action (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 41 AD3d 584 [2007]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]; *Hodge v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 269 AD2d 330 [2000]). Moreover, the complaint in the second action is not barred by Viafax's waiver of the right to interpose counterclaims (*see Bendat v Premier Broadcast Group*, 175 AD2d 536 [1991]; *European Am. Bank v*

*Mr. Wemmick, Ltd.*, 160 AD2d 905 [1990]). Accordingly, that branch of Citicorp's motion which was to dismiss the complaint in the second action pursuant to CPLR 3211 (a) (4) should have been denied.

The cross motion of Viafax and the guarantors for consolidation also should have been granted. A motion to consolidate pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]; *Kally v Mount Sinai Hosp.*, 44 AD3d 1010 [2007]; *GAM Prop. Corp. v Sorrento Lactalis, Inc.*, 41 AD3d 645, 646 [2007]; *Nigro v Pickett*, 39 AD3d 720, 722 [2007]). Consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts (*see Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc.*, 51 AD3d 839 [2008]; *Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]). Here, both actions arise from the same transaction, concern the same parties, and involve common questions of law and fact. Furthermore, Citicorp failed to demonstrate that consolidation would prejudice it by delaying resolution of its action to recover a deficiency from Viafax and the guarantors. Under these circumstances, consolidation is warranted in the interest of judicial economy (*see Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc.*, 51 AD3d 839 [2008]; *Kally v Mount Sinai Hosp.*, 44 AD3d 1010 [2007]; *Nigro v Pickett*, 39 AD3d 720, 722 [2007]).

We decline to address Citicorp's request for certain affirmative relief since a nonappealing party is not entitled to such relief (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 414 [2007]; *Piquette v City of New York*, 4 AD3d 402 [2004]). Skelos, J.P., Ritter, Florio and Carni, JJ., concur. [*See* 2007 NY Slip Op 33309(U).]