■ Amado Duran, Respondent, v Long Island Rail Road Company, Appellant. [873 NYS2d 140]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered March 12, 2008, which denied

its motion, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he was struck by a Long Island Rail Road train while he was on the tracks. The plaintiff timely commenced an action to recover damages for the defendant's alleged negligence (hereinafter the first action). The allegations of the complaint in the first action allegedly presented an inaccurate version of how the plaintiff came to be on the tracks. The plaintiff moved for leave to amend his pleading to allege a different version of how he came to be on the tracks. The Supreme Court denied the motion for leave to amend, noted the impending date to file a note of issue in the first action, and dismissed the first action without prejudice to the commencement of a timely new action.

The plaintiff commenced the instant action (hereinafter the second action) within six months after the dismissal of the first action. The defendant moved to dismiss the complaint in the second action on the ground that it was not commenced within the time specified by Public Authorities Law § 1276. The Supreme Court denied the motion to dismiss. We affirm.

The timely commencement of the first action gave the defendant notice of the plaintiff's intent to seek damages for having been struck by the train (*see George v Mt. Sinai Hosp.,* 47 NY2d 170, 177-178 [1979]). The second action was based upon the same occurrence as the first action (*cf. Titus v Poole,* 145 NY 414, 421 [1895]; L 1978, ch 51; Mem of Office of Ct Admin, 1978 McKinney's Session Laws of NY, at 1909-1910). Given the circumstances of this case, the plaintiff was entitled to the benefit of CPLR 205 (a) (*cf. English v Ski Windham Operating Corp.,* 263 AD2d 443 [1999]); and the second action was timely commenced. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.