■ TIMOTHY SULLIVAN, Appellant, v PHANI NIMMAGADDA, Respondent. [882 NYS2d 164]—

In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Woodard, J.), dated May 21, 2008, which, upon an order of the same court dated April 22, 2008, granting the defendant's motion for summary judgment dismissing the complaint as time-barred, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the defendant's motion for summary judgment dismissing the complaint as time-barred is denied, and the complaint is reinstated.

The plaintiff commenced a prior action to recover damages for wrongful death and conscious pain and suffering allegedly arising from the medical malpractice of several doctors and a number of medical facilities. Although the defendant herein was named in the caption of that prior action, there were no allegations in the complaint of acts or omissions committed by her. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint in that prior action insofar as asserted against her. The Supreme Court granted the motion and this Court affirmed the dismissal of the prior action (*see Sullivan v St. Francis Hosp.*, 45 AD3d 833, 834 [2007]). The plaintiff commenced this action within six months of the affirmance of the dismissal of the prior action insofar as it related to the defendant (*see Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1017 [1998]; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 519-520 [2005]).

Contrary to the defendant's contention and the holding of the Supreme Court, the plaintiff was entitled to the six-month tolling provision of CPLR 205 (a) (*see Scaffold-Russ Dilworth v Shared Mgt. Group*, 289 AD2d 932, 934 [2001]). "The proviso in

CPLR 205 (a) that the toll is inapplicable when the prior action was dismissed on the merits is essentially a corollary of the principle of res judicata that 'once a claim is brought to a *final conclusion*, all other claims arising out of the same transaction or series of transactions are barred' " (*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380 [1999], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The dismissal of an action for failure to state a cause of action has limited preclusive effect (*see 175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590 n 1 [1980]). That limited preclusive effect is not relevant to the facts herein, as the dismissal of the prior action pursuant to CPLR 3211 (a) (7) was not on the merits (*see Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 849-850 [2008]; *Tortura v Sullivan Papain Block Mc-Grath & Cannavo, P.C.*, 41 AD3d 584, 585 [2007]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 409 [2005]). Accordingly, the defendant's motion for summary judgment dismissing the complaint as time-barred should have been denied. Rivera, J.P., Miller, Balkin and Austin, JJ., concur. [*See* 2008 NY Slip Op 31322(U).]