■ JOSE PEREIRA, Appellant, v ST. JOSEPH'S CEMETERY et al., Respondents. [912 NYS2d 121]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered September 29, 2009, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was barred by the doctrine of res judicata.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was barred by the doctrine of res judicata is denied.

The plaintiff, a cemetery worker, allegedly was injured on the job in a fall which he alleges was deliberately caused by fellow employees. The plaintiff commenced an action against the defendants St Joseph's Cemetery (hereinafter the Cemetery), Church of St. Joseph, and the Archdiocese of New York, the owners and operators of the Cemetery, alleging that he was intentionally injured. Thereafter, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, arguing, inter alia, that the Workers' Compensation Law precluded the plaintiff's lawsuit. The motion was denied by the Supreme Court. However, on appeal to this Court, that order was reversed, and the motion was granted (*see Pereira v St. Joseph's Cemetery*, 54 AD3d 835 [2008]). This Court determined that the allegations of the complaint did "not establish the elements of an intentional tort on the part of the Cemetery so as to fall under the exception to the exclusivity provision of Workers' Compensation Law § 29" (*id.* at 837).

The plaintiff then commenced this action, which again pleads intentional tort, albeit in rephrased allegations. The defendants moved to dismiss this second complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrine of res judicata. The Supreme Court granted the motion. We reverse.

"Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (*Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]; *see Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]; *Sclafani v Story Book Homes*, 294 AD2d 559, 559-560 [2002]). As a general rule, a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect (*see Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615 [1985]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d at 408; *see also Sullivan v Nimmagadda*, 63 AD3d 908, 909 [2009]). Here, our prior dismissal was not on the merits and, consequently, the doctrine of res judicata was not a bar to the plaintiff's second action.

In light of our determination, it is unnecessary to reach the plaintiff's remaining contention. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.