■ THOMAS VELINSKIE, Respondent, v JOEL S. GOTTLIEB et al., Appellants. [938 NYS2d 909]—

In 2007 the plaintiff was the patient of the individual defendant, Joel S. Gottlieb, a chiropractor. In 2008 the plaintiff com-

menced an action in the Small Claims Part of the Civil Court of the City of New York (hereinafter the Small Claims Action). In February 2009 that action was dismissed when the plaintiff failed to appear on a scheduled court date. Approximately four months later, the plaintiff commenced this action against Gottlieb and his chiropractic practice in the Supreme Court, seeking to recover damages for chiropractic malpractice. The parties do not dispute that the claims in the two actions are based on the same facts. The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint in this action on the ground of res judicata, and the Supreme Court denied the motion. The defendants appeal, and we affirm the order insofar as appealed from.

A determination not made on the merits is not entitled to res judicata effect (see Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership, 73 AD3d 1123, 1123-1124 [2010]; Morales v New York City Hous. Auth., 302 AD2d 571, 572 [2003]; Beizer v Malhotra, 2002 NY Slip Op 40117[U], *1 [2002]). Here, the dismissal of the plaintiff's Small Claims Action was not a determination on the merits (see 22 NYCRR 208.41 [j]). Therefore, res judicata was not applicable, and the Supreme Court's denial of the defendants' motion was proper. In light of this determination, we need not address the parties' remaining contentions. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.