■    In the Matter of TEKIARA F., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; GAYLE A.E. et al., Respondents. (Proceeding No. 1.) In the Matter of SHIDIAMOND E., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; GAYLE A.E. et al., Respondents. (Proceeding No. 2.) In the Matter of TYRIQUE H., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; GAYLE A.E. et al., Respondents. (Proceeding No. 3.) [983 NYS2d 446]—

In three related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (O'Shea, J.), dated June 28, 2013, which dismissed the petitions on the ground of, inter alia, lack of subject matter jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matters are remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The subject children were provisionally placed with their maternal grandmother in Ohio pursuant to the Interstate Compact on the Placement of Children (hereinafter the ICPC). The ICPC, codified in Social Services Law § 374-a, provides that the state which places a child in out-of-state foster care "shall retain jurisdiction over the child sufficient to determine all matters in relation to the custody, supervision, care, treatment and disposition of the child . . . until the child is adopted, reaches majority, becomes self-supporting or is discharged with the concurrence of the appropriate authority in the receiving state" (Social Services Law § 374-a [1], art V [a]). Here, none of the circumstances that trigger a termination of New York State's jurisdiction over the subject children has occurred. Accordingly, the Family Court erred in dismissing the petitions on the ground that it lacked subject matter jurisdiction (*see* Social Services Law § 374-a [1]; *Matter of Williams v Glass*, 245 AD2d 66, 67 [1997]; *Matter of H./M. Children*, 217 AD2d 164, 168 [1995]).

In addition, it was error for the Family Court to conclude that the allegations concerning the respondents' failure to plan for the children and the allegations of derivative neglect against the respondent Germail B. were barred by res judicata as a result of the court's May 15, 2013, order, which dismissed a prior neglect petition "for failure to state a cause of action" (*see generally Pereira v St. Joseph's Cemetery*, 78 AD3d 1141, 1142 [2010]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]; *see also Maybaum v Maybaum*, 89 AD3d 692, 696 [2011]).

The petitioner's remaining contentions concerning the court's May 15, 2013, order are not properly before this Court, as it did not appeal from that order (*see* CPLR 5515 [1]; *Matter of Tara C. [Sonia C.]*, 106 AD3d 735 [2013]; *Matter of Idhailia P. [Philip S.P.]*, 95 AD3d 1333, 1335 [2012]). Mastro, J.P., Balkin, Sgroi and LaSalle, JJ., concur.