■ CHRISTOPHER CANZONA, Appellant, v CHARLES ATANASIO et al., Respondents. [988 NYS2d 637]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated November 8, 2012, which, upon an order of the same court dated August 16, 2012, granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the first and fifth causes of action; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first and fifth causes of action are denied, the first and fifth causes of action are reinstated and severed, and the order is modified accordingly.

The plaintiff commenced a prior action to recover monies that the defendants allegedly owed him for his expenditures in connection with a residential property that the parties owned as

tenants in common and a boat he co-owns with the defendant Charles Atanasio. In that action, the Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and entered a judgment dismissing the complaint with prejudice (*see Canzona v Atanasio*, 118 AD3d 837 [2014] [decided herewith]). Thereafter, the plaintiff commenced the instant action to recover the monies that the defendants allegedly owed him, asserting causes of action sounding in breach of contract, conversion, constructive fraud, breach of fiduciary duty, and unjust enrichment. The defendants moved to dismiss the complaint on several grounds, and the Supreme Court granted the motion.

Contrary to the Supreme Court's determination, this action is not barred by the doctrine of res judicata. "Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (*Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]; *see Velinskie v Gottlieb*, 92 AD3d 941, 942 [2012]). Since the complaint in the prior action was dismissed on the ground that it failed to state a cause of action due to the insufficiency of the allegations, the dismissal was not a dismissal on the merits, and the doctrine of res judicata does not bar the claims in the instant action (*see Canzona v Atanasio*, 118 AD3d 837 [2014]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1008 [2012]; *Pereira v St. Joseph's Cemetery*, 78 AD3d 1141, 1142 [2010]; *Djoganopoulos v Polkes*, 67 AD3d at 727; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 41 AD3d 584, 585 [2007]).

As an alternative ground for dismissal (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), the defendants contend that the complaint in the instant action failed to state a cause of action. "On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, the plaintiff sufficiently pleaded the first cause of action, which was to recover damages for breach of contract, by alleging all of the essential elements of such a cause of action: the existence of a contract, the plaintiff's performance pursuant to that contract, the defendants' breach of their contractual obligations, and damages resulting from that breach

(*see Dee v Rakower,* 112 AD3d 204, 208-209 [2013]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.,* 84 AD3d 122, 127 [2011]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.,* 69 AD3d 802, 803 [2010]). Moreover, the plaintiff sufficiently pleaded his fifth cause of action, which was based on unjust enrichment, by alleging that the defendants were enriched at his expense, and that it was "against equity and good conscience to permit the defendant[s] to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421 [1972]; *see Levin v Kitsis,* 82 AD3d 1051, 1053 [2011]; *AHA Sales, Inc. v Creative Bath Prods., Inc.,* 58 AD3d 6, 19-20 [2008]; *Cruz v McAneney,* 31 AD3d 54, 59 [2006]).

However, the plaintiff failed to sufficiently plead a cause of action to recover damages for conversion (*see Daub v Future Tech Enter., Inc.,* 65 AD3d 1004, 1006 [2009]; *Selinger Enters., Inc. v Cassuto,* 50 AD3d 766, 768 [2008]; *Fiorenti v Central Emergency Physicians,* 305 AD2d 453, 455 [2003]) or constructive fraud (*see* CPLR 3016 [b]; *Treeline 990 Stewart Partners, LLC v RAIT Atria, LLC,* 107 AD3d 788, 791 [2013]; *Orchid Constr. Corp. v Gottbetter,* 89 AD3d 708, 710 [2011]; *Mendelovitz v Cohen,* 37 AD3d 670, 671 [2007]). Moreover, the cause of action alleging breach of fiduciary duty is duplicative of the breach of contract cause of action, since the claims are based on the same facts and seek identical damages (*see Chowaiki & Co. Fine Art Ltd. v Lacher,* 115 AD3d 600 [2014]; *Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.,* 74 AD3d 1148, 1150 [2010]; *Brooks v Key Trust Co. N.A.,* 26 AD3d 628, 630 [2006]).

The defendants' arguments regarding alternative grounds for dismissal based on the statute of limitations and the statute of frauds are without merit.

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to dismiss the first and fifth causes of action, which alleged breach of contract and unjust enrichment, and correctly granted those branches of the defendants' motion which were to dismiss the remaining causes of action. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.