■ H. ANTHONY RECHAIS, Appellant, v MARJORIE McGIVANS, Respondent. [988 NYS2d 895]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered April 5, 2013, as granted the defendant's application pursuant to CPLR 3211 (a) to dismiss the complaint as barred by the doctrine of res judicata.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's application pursuant to CPLR 3211 (a) to dismiss the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 2011, the plaintiff commenced an action against the defendant seeking to impose a constructive trust on certain real property. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The plaintiff subsequently commenced this action, again seeking to impose a constructive trust on the property.

"As a general rule, a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect" (*Pereira v St. Joseph's Cemetery*, 78 AD3d 1141, 1142 [2010]). Since the dismissal of the prior action was not on the merits, the Supreme Court should have denied the defendant's application pursuant to CPLR 3211 (a) to dismiss the complaint as barred by the doctrine of res judicata (*see Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1008 [2012]; *Sullivan v Nimmagadda*, 63 AD3d 908, 909 [2009]; *Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 849 [2008]).

The defendant's remaining contentions are not properly before this Court. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.