█ STEVEN HOCK et al., Appellants, v SHARA COHEN et al., Defendants, and ANIMAL CARE AND CONTROL OF NEW YORK CITY, INC., et al., Respondents. [4 NYS3d 70]—

In an action to recover damages for civil rights violations, trespass to chattels, conversion, conspiracy, intentional infliction of emotional distress, and negligence, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Ash, J.), dated October 22, 2012, as granted that branch of the motion of the defendants Animal Care and Control of New York City, Inc., Margaret Gugliotta, Sabrina James, Sarah Jeffers, Risa Weinstock, and Charlene Pedrolie which was pursuant to CPLR 3211 (a) (5) to dismiss the second through eighth causes of action insofar as asserted against them on the grounds of res judicata, and (2) an order of the same court dated June 13, 2013, as denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants Tara Ciabbatari and Shara Cohen, and granted the defendant Animal Care and Control of New York City, Inc.'s, application for the imposition of a sanction against the plaintiffs.

Ordered that the plaintiff's notice of appeal from so much of the order dated June 13, 2013, as granted the application for the imposition of sanctions against the plaintiffs is deemed to be an application for leave to appeal from that portion of the order and leave to appeal is granted, and it is further,

Ordered that the order dated October 22, 2012, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendants Animal Care and Control of New York City, Inc., Margaret Gugliotta, Sabrina James, Sarah Jeffers, Risa Weinstock, and Charlene Pedrolie which was pursuant to CPLR 3211 (a) (5) to dismiss

the second through eighth causes of action insofar as asserted against them on the grounds of res judicata is denied; and it is further,

Ordered that the order dated June 13, 2013, is affirmed insofar as appealed from, without costs or disbursements.

In 2009, the plaintiffs commenced a previous action to recover damages for false arrest and defamation. The Supreme Court dismissed that complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against the defendants Animal Care and Control of New York City, Inc., Margaret Gugliotta, Sabrina James, Sarah Jeffers, and Risa Weinstock for failure to state a cause of action against them. The plaintiffs subsequently commenced this action to recover damages for civil rights violations, trespass to chattels, conversion, conspiracy, intentional infliction of emotional distress, and negligence.

"As a general rule, a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect" (*Pereira v St. Joseph's Cemetery*, 78 AD3d 1141, 1142 [2010]; *see Rechais v McGivans*, 119 AD3d 666, 667 [2014]). Since the dismissal of the prior action was not on the merits, the Supreme Court should have denied that branch of the moving defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss, on the ground of res judicata, the second through eighth causes of action in the instant complaint insofar as asserted against them (*see Rechais v McGivans*, 119 AD3d at 667; *Canzona v Atanasio*, 118 AD3d 841, 842 [2014]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1008 [2012]; *Sullivan v Nimmagadda*, 63 AD3d 908, 909 [2009]; *Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 849 [2008]).

However, under the circumstances of this case, the Supreme Court providently exercised its discretion in imposing a sanction against the plaintiffs in connection with the plaintiffs' motion for leave to enter a default judgment against, among others, the defendants Tara Ciabbatari and Shara Cohen (*see* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [a]; *Weissman v Weissman*, 116 AD3d 848, 849 [2014]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Hall, Austin and Roman, JJ., concur.