Veeramuthu P. Gounder, 
 Appellant,
against
Progressive Credit Union and Communicar, Inc., Respondents.



Separate appeals from (1) orders of the Civil Court of the City of New York, Queens County, entered August 15, 2014 (Jodi Orlow, J.) and September 15, 2014 (Ulysses Bernard Leverett, J.) (collectively appeal No. 2014-2316 Q C), and (2) a judgment of the same court entered December 11, 2014 (Jodi Orlow, J.) and orders of the same court entered January 15, 2015 (William A. Viscovich, J.) and January 29, 2015 (Jodi Orlow, J.) (collectively appeal No. 2015-539 Q C). The order entered August 15, 2014, insofar as directly appealed from, granted the branches of a motion by defendant Progressive Credit Union seeking to dismiss so much of the complaint as is against it, and to permanently enjoin plaintiff from commencing any future litigation against defendant Progressive Credit Union without first obtaining leave of the court. The order entered September 15, 2014 denied plaintiff's motion for, in effect, leave to reargue his opposition to defendant Progressive Credit Union's prior motion. The judgment, entered pursuant to (a) so much of the August 15, 2014 order as, in effect, granted the branches of the motion by defendant Progressive Credit Union seeking the imposition of costs against plaintiff, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, and to set the matter down for a hearing to determine the costs, expenses and reasonable attorney's fees that defendant Progressive Credit Union had incurred in defending the action, and (b) an order entered October 28, 2014 (Jodi Orlow, J.), following the hearing, awarded defendant Progressive Credit Union the principal sum of $4,800 as attorney's fees. The order entered January 15, 2015 granted a motion by defendant Communicar, Inc. to dismiss the complaint insofar as asserted against it. The order entered January 29, 2015 denied plaintiff's motion for an order to compel discovery.




ORDERED that, on the court's own motion, (1) the portion of the notice of appeal that is from so much of the order entered August 15, 2014 as, in effect, granted the branches of the motion by defendant Progressive Credit Union seeking the imposition of costs against plaintiff pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 and to set the matter down for a hearing to determine the costs, expenses and reasonable attorney's fees that defendant Progressive Credit Union had incurred in defending the action, and (2) the notice of appeal from the order entered October 28, 2014, are deemed a premature notice of appeal from the judgment entered December 11, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that, on the court's own motion, appeal Nos. 2014-2316 Q C and 2015-539 Q C are consolidated for purposes of disposition; and it is further,
ORDERED that the order entered August 15, 2014, insofar as reviewed on direct appeal, is modified by vacating so much thereof as granted the branch of defendant Progressive Credit Union's motion seeking to permanently enjoin plaintiff from commencing any future litigation against defendant Progressive Credit Union without first obtaining leave of the court and by providing that that branch of the motion is denied; as so modified, the order entered August 15, 2014, insofar as reviewed on direct appeal, is affirmed, without costs; and it is further,
ORDERED that the appeal from the order entered September 15, 2014 is dismissed; and it is further,
ORDERED that the judgment entered December 11, 2014 and the order entered January 15, 2015 are affirmed, without costs, and it is further,
ORDERED that the appeal from the order entered January 29, 2015 is dismissed as moot.
Plaintiff, who alleges that he was a shareholder in defendant Communicar, Inc. (Communicar) by reason of his ownership of a Communicar radio, and who worked as a driver for Communicar, seeks in this action to recover the principal sum of $25,000, based on the failure of defendant Progressive Credit Union (Progressive) to pay, and Communicar's failure to collect, radio transfer fees. In a prior action (Gounder v Progressive Credit Union, index No. CV-019006-13) (the first action), plaintiff claimed that he, as a shareholder in Communicar, had lost "profit-sharing" in Communicar as a result of Progressive's failure to pay Communicar in connection with Progressive's acquisition of Communicar radios. By order entered April 4, 2014, the Civil Court (Jodi Orlow, J.) granted Progressive's motion to dismiss the first action, pursuant to CPLR 3211 (a) (7), finding, in effect, that Progressive had made a prima facie showing of plaintiff's failure to state a cause of action and noting that the papers plaintiff submitted in opposition to Progressive's motion had not been in admissible form; the appeal from that order is presently before us (Gounder v Progressive Credit Union, Misc 3d , 2016 NY Slip Op [appeal No. 2014-1371 Q C], decided herewith).
In the present action, plaintiff asserts that Progressive and Communicar acted jointly to defraud Communicar's shareholders, either by Communicar's failure to collect transfer fees that were allegedly owed to it from Progressive in connection with Progressive's acquisition of Communicar radios, or by defendants' joint concealment from Communicar's shareholders of transfer fees that Progressive had allegedly paid to Communicar. Progressive moved to dismiss so much of the complaint as is asserted against it, pursuant to CPLR 3211 (a) (5), on the ground that it was barred under the doctrine of res judicata, and 3211 (a) (7), for failure to state a cause of action, among other grounds; in the alternative, Progressive moved for summary judgment dismissing so much of the complaint as is asserted against it, pursuant to CPLR 3212. With respect to the branch of its motion which was for dismissal based on the doctrine of res judicata, Progressive argued that the claims plaintiff asserted in this action had arisen from the same alleged transactions as those that underlay the first action. In its order entered August 15, 2014, the Civil Court (Jodi Orlow, J.), among other things, dismissed the complaint as against Progressive on the ground that the cause of action asserted against Progressive was barred under the doctrine of res judicata.
"As a general rule, a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect" (Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142 [2010]; accord Hock v Cohen, 125 AD3d 722, 723 [2015]; Rechais v McGivans, 119 AD3d 666, 667 [2014]). Since the first action was dismissed pursuant to CPLR 3211 (a) (7) and its dismissal was not on the merits, the Civil Court should have denied the branch of Progressive's motion seeking to dismiss based on the doctrine of res judicata.
In support of the branch of its motion seeking dismissal based on CPLR 3211 (a) (7), Progressive submitted an affidavit of its general counsel, David Koshers, which showed that Progressive had never been in privity with plaintiff and owed no money to plaintiff. In addition, to the extent that plaintiff alleged injury by reason of a loss in profits that would have flowed to him as a shareholder in Communicar, due to an alleged conspiracy between Progressive and Communicar, Progressive correctly argued that any such claim would be in the nature of a [*2]derivative claim, made on behalf of Communicar, and that plaintiff had no individual right of action against Progressive for such alleged harm (see e.g. Barbaro v Spinelli, 121 AD3d 727, 728 [2014]). These submissions established prima facie Progressive's entitlement to dismissal based on CPLR 3211 (a) (7). In opposition to Progressive's motion, plaintiff failed to offer any evidence that refuted Progressive's allegations. We therefore conclude that Progressive is entitled to the dismissal of so much of the complaint as is asserted against it. Consequently, we affirm so much of the order entered August 15, 2014 as dismissed the complaint against Progressive.
The Civil Court in effect granted the branch of Progressive's motion which sought the imposition of costs pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130.1.1. All of plaintiff's claims against Progressive were for alleged wrongs perpetrated on Communicar's shareholders. Plaintiff lacked standing to make such claims individually, and failed to make any reasonable argument for an extension, modification or reversal of existing law which would imbue him with standing.
Consequently, the prosecution of the instant action constituted frivolous conduct, entitling Progressive to an award of costs (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [a], [c] [1]; [d]). As a result, so much of the August 15, 2014 order as found Progressive to be entitled to such an award was not an improvident exercise of discretion.
However, " [e]xcept for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief' " (Topaz Realty Corp. v Morales, 9 Misc 3d 27, 28 [App Term, 2d Dept, 2d & 11th Jud Dists 2005], quoting Broome Realty Assoc. v Sek Wing Eng, 182 Misc 2d 917, 918 [App Term, 1st Dept 1999]; see also Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16, 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, the Civil Court lacked jurisdiction to enjoin plaintiff from commencing any future litigation against Progressive without first obtaining leave of the court to do so (cf. CCA 1810, 1810-A), and thus so much of the Civil Court's order of August 15, 2014 as so enjoined plaintiff is vacated.
Plaintiff also appeals from the order of the Civil Court (Ulysses Bernard Leverett, J.) entered September 15, 2014, which denied plaintiff's motion seeking, in effect, to reargue his opposition to Progressive's prior motion. Since no appeal lies from an order denying a motion for leave to reargue (see Bermudez v City of New York, 66 AD3d 724 [2009]; Malik v Campbell, 289 AD2d 540 [2001]; Federated Capital Corp. v Bosco, 52 Misc 3d 139[A], 2016 NY Slip Op 51130[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), the appeal from the order entered September 15, 2014 must be dismissed.
On September 17, 2014, a hearing was conducted, pursuant to the Civil Court's August 15, 2014 order, for the sole purpose of determining the reasonable costs, expenses and attorney's fees that Progressive had incurred in the defense of the action. During the hearing, despite several warnings by the court that plaintiff would be ejected from the courtroom if he failed to confine his remarks to the subject matter of the hearing, plaintiff repeatedly sought to address other subjects, whereupon plaintiff was escorted from the courtroom and the hearing was completed. In its order entered October 28, 2014, the Civil Court (Jodi Orlow, J.) set forth the reasons it had found plaintiff's conduct to be frivolous (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.2), and awarded costs in the form of attorney's fees to Progressive in the principal sum of $4,800 (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [a], [c] [1]; [d]). On December 11, 2014, a judgment was entered pursuant to the order of October 28, 2014.
From the transcript of the September 17, 2014 hearing, it is manifestly clear that, despite numerous warnings, plaintiff refused to comply with the court's clear instructions. He thus engaged in disruptive conduct which interfered with the order and decorum of the proceedings (see Rules of App Div, 2d Dept [22 NYCRR] §§ 700.2, 700.3, 700.5), and we find that the Civil Court's ejectment of plaintiff from the courtroom did not constitute an improvident exercise of discretion under the circumstances. We find no basis to disturb the Civil Court's award of [*3]attorney's fees in the sum of $4,800 to Progressive (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [c] [1]; see also e.g. SBE Wall, LLC v New 44 Wall St., LLC, 129 AD3d 542 [2015]; Duncan v Popoli, 105 AD3d 803 [2013]). Consequently, we affirm the judgment of December 11, 2014.
By order entered January 15, 2015, the Civil Court (William A. Viscovich, J.) granted Communicar's motion for judgment dismissing the complaint against it, pursuant to the doctrine of collateral estoppel. As noted above, the doctrine of collateral estoppel is inapplicable where, as here, the first action was dismissed for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), and thus did not involve a determination on the merits (see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 41 AD3d 584, 585 [2007]). We therefore conclude that the Civil Court erred in dismissing this action as against Communicar pursuant to the doctrine of collateral estoppel.
Communicar, however, correctly argued that it was entitled to dismissal because plaintiff lacked standing to sue it. Since a shareholder has no individual cause of action against the corporation of which he is a shareholder for wrongs to that corporation, including allegations of mismanagement or diversion of assets (see Abrams v Donati, 66 NY2d 951, 953 [1985]; Rodolico v Rubin & Licatesi, P.C., 112 AD3d 608, 611 [2013]), and plaintiff's claims against Communicar were derivative in nature, we conclude that so much of the complaint as is against Communicar was properly dismissed. Consequently, we affirm the order of January 15, 2015, albeit on other grounds.
Plaintiff further appeals from an order of the Civil Court entered January 29, 2015, which denied his motion to compel discovery. In view of our affirmance of the Civil Court's dismissal of the action, plaintiff's discovery motion is academic (see Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 460-461 [2002]), and we dismiss the appeal from the order entered January 29, 2015 on that basis.
We note that we do not consider any materials which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 17, 2017