Shahid v Legal Aid Socy. (2019 NY Slip Op 04983)





Shahid v Legal Aid Socy.


2019 NY Slip Op 04983


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-12305
 (Index No. 3585/16)

[*1]Abdus Shahid, appellant,
v
Legal Aid Society, respondent.


Abdus Shahid, Brooklyn, NY, appellant pro se.
Vigorito, Barker, Porter & Patterson LLP, Valhalla, NY (Leilani Rodriguez of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated October 13, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint with prejudice.
ORDERED that the order is affirmed, with costs.
In March 2015, an employee of the defendant moved into an apartment in a building owned by the plaintiff. In August 2015, the plaintiff commenced an action in the Supreme Court, Kings County, against the defendant to recover damages for "severe emotional distress." According to the complaint in that action (hereinafter the August 2015 complaint), the defendant's employee was, allegedly, a squatter in the subject apartment for approximately a year, during which time he encouraged other tenants in the building to stop paying rent with the promise that the defendant would represent those tenants in court if they were sued by the plaintiff. The plaintiff alleged that, as a result of the conduct of the defendant's employee, the plaintiff initiated four actions against tenants for nonpayment of rent and the defendant represented the tenants in those actions. The plaintiff further alleged that the defendant had its employee "look for clients in [an] unprofessional way [by] entering somebody's premises as a squatter."
The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the August 2015 complaint for failure to state a cause of action. By order dated April 20, 2016, the Supreme Court
granted the defendant's motion and directed dismissal of the August 2015 complaint for failure to state a cause of action.
Thereafter, by summons and complaint dated April 21, 2016, the plaintiff commenced the instant action in the Supreme Court, Kings County, against the defendant, inter alia, to recover damages for injury to property. In the complaint, the plaintiff alleged that the defendant's employee, while a squatter in the subject apartment, caused damage to the apartment. The plaintiff further alleged that the "defendant did all th[is] damage . . .[to] purposely" take the property from the plaintiff.
Prior to answering, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing that the complaint failed to state a cause of action against it since the complaint [*2]did not allege that the defendant's employee was acting in the course and scope of his employment when he caused the alleged damage to the plaintiff's property. The defendant also argued that the instant action was barred by the doctrine of res judicata since the Supreme Court had directed dismissal of the August 2015 complaint, which involved the same parties and same occurrence. The court granted the defendant's motion, with prejudice, determining that the defendant was "not the proper party." The plaintiff appeals.
"Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (Djoganopoulos v Polkes, 67 AD3d 726, 727). "As a general rule, a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect" (Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142). Here, contrary to the defendant's contention that this action is barred by the doctrine of res judicata, the August 2015 complaint was not dismissed on the merits (see Hock v Cohen, 125 AD3d 722, 723; Pereira v St. Joseph's Cemetery, 78 AD3d at 1142).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). "Pursuant to the doctrine of respondeat superior, an employer is vicariously liable for torts committed by an employee within the scope of employment and in [further support] of the employer's business" (Nerey v Greenpoint Mtge. Funding, Inc., 116 AD3d 1015, 1016; see Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933). Here, the complaint is devoid of any allegations that the defendant's employee was acting within the scope of his employment or in furtherance of the defendant's business (see Spielman v Carrino, 77 AD3d 816, 818; see also Green v Himon, 151 AD3d 516, 517). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion to dismiss the complaint for failure to state a cause of action with prejudice.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court