Tamrakar v Macerich Queens Ltd. Partnership (2022 NY Slip Op 02572)

Tamrakar v Macerich Queens Ltd. Partnership

2022 NY Slip Op 02572

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2019-08943
 (Index No. 703536/19)

[*1]Srijana Tamrakar, appellant, 
v
Macerich Queens Limited Partnership, et al., respondents.

Bhurtel Law Firm PLLC, Jackson Heights, NY (Durga Prasad Bhurtel of counsel), for appellant.
Simmons Jannace DeLuca, LLP, Hauppauge, NY (Daniel Justus Solinsky and Steven D. Jannace of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered June 28, 2019. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is denied.
The plaintiff allegedly was injured on January 11, 2015, as a result of the defendants' negligent maintenance of their premises. On January 4, 2018, the plaintiff commenced an action against the defendants, among others, to recover damages for personal injuries (hereinafter the first action). The defendants moved, in the first action, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, asserting that the complaint did not contain sufficient allegations concerning how and when the accident occurred. By order entered September 25, 2018, the Supreme Court granted the motion.
On February 27, 2019, less than six months later, the plaintiff commenced the instant personal injury action against the defendants, again pertaining to the alleged January 11, 2015 accident (hereinafter the second action). The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
Although the second action was commenced more than three years after the plaintiff allegedly was injured, contrary to the determination of the Supreme Court, the plaintiff was entitled to the six-month tolling provision of CPLR 205(a). Under that statute, where, as here, an action is timely commenced and is terminated for any reason other than those specified in the statute, the plaintiff "may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within [*2]such six-month period" (id.; see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78). "The statute is remedial in nature and, where applicable, 'allow[s] plaintiffs to avoid the harsh consequences of the statute of limitations and have their claims determined on the merits where . . . a prior action was commenced within the limitations period, thus putting defendants on notice of the claims'" (U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d at 78, quoting Malay v City of Syracuse, 25 NY3d 323, 329).
Here, the complaint in the first action timely put the defendants on notice of the plaintiff's claim that an accident occurred on January 11, 2015, at premises they own on Queens Boulevard, caused by a dangerous condition they created or permitted to exist, which allegedly resulted in injuries to the plaintiff's head, neck, shoulders, and right arm (see Duran v Long Is. R.R. Co., 59 AD3d 386, 387). Contrary to the defendants' contention, the second action, alleging the same injuries, is based upon this same occurrence, such that the plaintiff was entitled to the benefit of CPLR 205(a) (see Sullivan v Nimmagadda, 63 AD3d 908, 908-909; Duran v Long Is. R.R. Co., 59 AD3d at 387). Since the second action was therefore timely, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court